FILED

MAY 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CONSTANCE MCCUTCHEON,

  Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

  Defendant - Appellee.

No. 09-35548

D.C. No. 1:07-cv-01745-CL

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted March 5, 2010 [**]
Portland, Oregon

Before: PAEZ, TALLMAN, and M. SMITH, Circuit Judges.

  Constance McCutcheon Thompson ("McCutcheon") appeals the district

court's judgment affirming the Commissioner of Social Security's final decision to

---

  [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deny her application for Supplemental Security Income benefits under Title XVI of the Social Security Act. Because the parties are familiar with the facts and procedural history of this case, we will discuss them only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

First, McCutcheon claims that the ALJ erred by rejecting lay witness testimony. It was error to disregard Ms. Harrington's testimony on the basis that she had no medical or vocational training. *Bruce v. Astrue*, 557 F.3d 1113, 1115–16 (9th Cir. 2009). When an ALJ fails to properly consider—or properly discount—competent lay witness testimony that is favorable to the claimant, "a reviewing court cannot consider the error harmless unless it can confidently conclude that *no* reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (emphasis added). While there may be substantial evidence in the record to support the ALJ's ultimate determination, and the ALJ might properly reject Ms. Harrington's testimony on other grounds, we cannot say that no reasonable ALJ would have reached a different disability determination. The error was not harmless.

McCutcheon next argues that the ALJ improperly rejected the opinions of multiple physicians. This claim lacks merit. First, Dr. Spear's own evaluations from 2001 to 2004 conflict with his demarcations on the 2006 form provided by McCutcheon's attorney. The ALJ's decision to reject Dr. Spear's later opinion was not error. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings."). Second, the ALJ did not err in partially rejecting Dr. Cole's analysis, because his evaluation was done at the request of an attorney and was not based on objective medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). Third, there was no error when the ALJ expressly disregarded the opinions of McCutcheon's counselor, Mr. MacKendrick, and gave reasons germane to him for doing so. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Finally, contrary to McCutcheon's argument, the ALJ did not actually reject Dr. Bolgrin's pain disorder diagnosis, as it was considered in the step-two analysis.

McCutcheon last argues that the ALJ presented a defective hypothetical to the vocational expert because the residual functional capacity ("RFC") determination did not (1) specify that it was based on a forty-hour work week, and (2) include all claimed limitations. First, we can draw "specific and legitimate

3

inferences from the ALJ's opinion," *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989), and the opinion makes a clear distinction between a part-time job and work on a sustained basis. We find no error in the ALJ's failure to expressly state that his RFC analysis was based on a forty-hour work week. Second, because the ALJ properly rejected the opinions of certain doctors, *see supra*, he did not err in removing those limitations from his RFC determination. However, if reconsideration of Harrington's testimony changes the ALJ's determination of McCutcheon's RFC, the hypothetical to the VE will need to be revised.

We affirm the ALJ's rejection of testimony from several physicians, and affirm the use of the hypothetical. We reverse the ALJ's discounting of Harrington's testimony on the sole basis stated, and remand for further proceedings consistent with this opinion.

The parties will bear their own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**