**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUN 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBBIE HARLOW, | No. 12-36011 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-01262-RE |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, Commissioner, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
James A. Redden, Senior District Judge, Presiding

Submitted June 2, 2014[**]
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and WHYTE, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald M. Whyte, Senior District Judge for the U.S.
District Court for the Northern District of California, sitting by designation.

Debbie Harlow appeals the district court's decision affirming the Commissioner of Social Security's denial of her application for disability insurance benefits. We review the district court's decision de novo, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1172 (9th Cir. 2008), and we affirm.

Substantial evidence supports the administrative law judge's ("ALJ") determination that Harlow had no medically determinable severe mental impairments or combination of impairments during the relevant period. First, the ALJ properly interpreted and relied on the opinion of Dr. Duane Kolilis, an examining physician, and gave minimal weight to the opinion of Dr. Peter LeBray, a non-examining physician, because Dr. LeBray failed to clearly explain or adequately support his finding that Harlow suffered from moderate limitations. *See* 20 C.F.R. §§ 404.1527(c)(1)–(3); *Orn v. Astrue*, 495 F.3d 625, 631–32 (9th Cir. 2007). Even assuming that the ALJ erred by discounting Dr. LeBray's opinion based on his failure to distinguish between the effects of Harlow's marijuana use and non-use, we agree with the district court that any such error was harmless because the ALJ provided an independent specific and legitimate reason for assigning Dr. LeBray's opinion little weight. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[I]n each case we look at the record as a whole to determine whether the error alters the outcome of the case.").

Contrary to Harlow's contention, the ALJ committed no error in crediting the opinions of Dr. William Shults and Dr. Robert Egan over the opinion of Dr. Karen Bates-Smith regarding Harlow's medical condition and symptoms. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ determined that Dr. Bates-Smith's diagnosis of conversion disorder was based on a "faulty foundation" and conflicted with the opinions of Drs. Egan and Shults, both of whom concluded that Harlow's symptoms were voluntary. The ALJ also considered Dr. Robert McDevitt's expert testimony regarding the involuntary nature of Harlow's symptoms but found that Dr. McDevitt's testimony on that issue was equivocal, that he admitted that there was insufficient evidence from treating sources to support a conversion disorder diagnosis, and that his "testimony, in full, weighed on the side of no severe impairment." In reaching her conclusion, the ALJ considered and properly interpreted all of the relevant medical source evidence, provided specific and legitimate reasons for the weight given to the physicians' respective medical opinions, and supported those reasons with substantial evidence in the record.

Finally, the ALJ did not err in rejecting the lay statements of Robert Rieker and Bridget Wright.  The ALJ fully considered their statements and rejected them as "not useful" based on specific "reasons that are germane to each witness." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (internal quotation marks omitted).  To the extent the ALJ erred in evaluating and determining the weight of these lay statements, any such error was "inconsequential to the ultimate nondisability determination in the context of the record as a whole" and was therefore harmless.  *E.g.*, *Molina*, 674 F.3d at 1122 (internal quotation marks omitted).

**AFFIRMED.**