# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JERRY D. BRUCE,
                 *Plaintiff-Appellant,*

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,
                 *Defendant-Appellee.*

No. 06-35529

D.C. No.
CV-04-01310-ALA

OPINION

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted July 11, 2008*
Portland, Oregon

Filed March 5, 2009

Before: Mary M. Schroeder and Harry Pregerson,
Circuit Judges, and Lyle E. Strom,** District Judge.

Opinion by Judge Pregerson

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Lyle E. Strom, U.S. District Judge for the District of Nebraska, sitting by designation.

## COUNSEL

James S. Coon, Swanson, Thomas & Coon, Portland, Oregon, for the plaintiff-appellant.

Jamala Edwards, Assistant Regional Counsel, Office of the General Counsel, Social Security Administration, Seattle, Washington, for the defendant-appellee.

## **OPINION**

PREGERSON, Circuit Judge:

Jerry Bruce ("Bruce") appeals the district court's judgment affirming the Commissioner of Social Security's decision to deny Bruce's application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. Because the ALJ failed to adequately address competent lay witness testimony favorable to Bruce, we reverse the district court's judgment and remand.

I.

Bruce filed claims for SSI and DIB, alleging disability due to severe degenerative joint disease in his right hip and severe depression. The Social Security Administration denied these claims initially and upon reconsideration. Bruce requested a hearing.

Bruce, who was forty-three years old at the time of his hearing, has a ninth grade education. In June 1997, Bruce became disabled. He testified that he continues to suffer from severe degenerative joint disease and severe depression.

At the hearing, Cindy Bruce testified that she and Bruce had been married for ten years and that since an accident in 1997 his impairments had negatively affected his ability to work. Cindy Bruce testified that, at least twice per week, Bruce refuses to leave the bedroom, bathe, and eat, because of his severe depression. She explained that on most days he lies down during the day for forty-five minutes to an hour and a half.

A vocational expert also testified at Bruce's hearing. In response to the ALJ's hypothetical question, the vocational expert expressed the opinion that Bruce could perform the

work required for certain unskilled jobs available in the national economy. But the vocational expert noted that absence from the workplace two or more days a month would disqualify Bruce from gainful employment at any job.

In his decision, the ALJ found that Bruce suffers from degenerative joint disease of the right hip and depression with anxiety and a personality disorder. The ALJ concluded that Bruce's residual functional capacity precludes him from returning to his past relevant work. The ALJ found, however, that Bruce is capable of making an adjustment to other unskilled jobs existing in significant numbers in the national economy — including a parking lot attendant, produce sorter, and small products assembler.

## II.

Bruce contends that the ALJ erred in finding that he could perform other work in the national economy. Specifically, he argues that the ALJ erred in rejecting, without sufficient comment, the lay witness testimony of his wife, Cindy Bruce. We agree that the ALJ failed to properly address the lay witness testimony of Cindy Bruce.

We review de novo a district court's order upholding the Social Security Commissioner's denial of disability benefits. *Moore v. Comm'r*, 278 F.3d 920, 924 (9th Cir. 2002). We "must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence." *Id.* (citing cases).

**[1]** "In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see also* 20 C.F.R. §§ 404.1513(d)(4), (e). Such testimony is competent evidence and "*cannot* be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). If an ALJ disregards the testimony of a lay

witness, the ALJ must provide reasons "that are germane to each witness." *Id.* Further, the reasons "germane to each witness" must be specific. *Stout*, 454 F.3d at 1054 (explaining that "the ALJ, not the district court, is required to provide *specific* reasons for rejecting lay testimony") (emphasis added).

[2] The ALJ failed to meet this standard with respect to Cindy Bruce's testimony. The ALJ was required to consider and comment upon competent lay testimony, as it concerned how Bruce's impairments impact his ability to work. Although the ALJ found Cindy Bruce's testimony "generally credible,"[1] the ALJ failed to consider her testimony when reaching conclusions regarding Bruce's ability to work. Specifically, when the ALJ asked the Commissioner's vocational expert what turned out to be the dispositive hypothetical question, the ALJ failed to include the limitations on Bruce's ability to work that Cindy Bruce recounted, such as Bruce's refusal to leave the bedroom, bathe, and eat because of his severe depression and his need to lie down for forty-five minutes to an hour and a half most days.

[3] Moreover, the ALJ gave inconsistent and inadequate reasons for rejecting the wife's lay opinion testimony. The ALJ found her credible in her observations of her husband's activities, and the ALJ should not have discredited her testimony on the basis of its relevance or irrelevance to medical

---

[1]The ALJ's entire discussion of Cindy Bruce's testimony is as follows:

I have further considered the 3rd party statements of Cindy Bruce, the claimant's spouse found at Exhibit B6E, as well as her testimony during the first hearing and find such to be generally credible to the extent she is simply reporting her observations of the behaviors the claimant demonstrates. She is not knowledgeable in the medical and/or vocational fields and thus is unable to render opinions on how the claimant's impairments impact his overall abilities to perform basic work activities. Further, her testimony and statements are not supported by the objective medical evidence. Finally, it should be noted she has also applied for disability benefits.

conclusions. *See* 20 C.F.R. § 404.1513(d) (providing that lay witness testimony may be introduced "to show the severity of [the claimant's] impairment(s) and how it affects [his] ability to work"); *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). Nor under our law could the ALJ discredit her lay testimony as not supported by medical evidence in the record. *See, e.g.*, *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996) ("The rejection of the testimony of [the claimant's] family members because [the claimant's] medical records did not corroborate her fatigue and pain violates SSR 88-13, which directs the ALJ to consider the testimony of lay witnesses where the claimant's alleged symptoms are *unsupported* by her medical records."). The ALJ also noted that Cindy Bruce, who he found to be a generally credible witness, was applying for benefits on her own behalf. This fact should not disqualify her from rendering an opinion regarding her husband's ability to work. Nor did it have any apparent bearing on her credibility. *Cf. Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (holding that an ALJ permissibly rejected the claimant's ex-girlfriend's testimony in part because her close relationship with the claimant and desire to help him influenced her).

**[4]** A lay person, Bruce's wife, though not a vocational or medical expert, was not disqualified from rendering an opinion as to how her husband's condition affects his ability to perform basic work activities. *See* 20 C.F.R. § 404.1513(d)(4) (providing that evidence provided by lay witnesses may be used to show "the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work").

### III.

For the above reasons, we reverse and remand.

REVERSED AND REMANDED.