**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TROY MASSEY,

                Plaintiff - Appellant,

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                Defendant - Appellee.

No. 10-35004

DC No. 3:08 cv 0858 JO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted October 8, 2010[**]
Portland, Oregon

Before:    TASHIMA, PAEZ, and CLIFTON, Circuit Judges.

    Troy Massey appeals from the district court's decision affirming the

Commissioner's final denial of benefits under Titles II and XVI of the Social

Security Act. Because we conclude that the Commissioner erred in rejecting the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

testimony of Dr. Richard Kirkpatrick ("Dr. Richard") and lay witness Dorothy Massey, and that the ALJ posed an incomplete hypothetical to the vocational expert ("VE"), we reverse and remand for further proceedings.

1.      It is unclear whether Massey's frequent emergency room visits and erratic management of his Crohn's disease are the result of a painkiller addiction or of his lack of health insurance and financial limitations. We defer to the ALJ's interpretation of the evidence on this issue, see Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005), and the ALJ's interpretation that Massey is engaged in drug-seeking behavior is a clear and convincing reason for disregarding his testimony. See Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001).

2.      However, the ALJ did not provide specific and legitimate reasons supported by substantial evidence for rejecting the opinion of treating physician Dr. Richard. See id. It is irrelevant that Massey did not report all of the symptoms noted by Dr. Richard at his emergency room visits because the only symptoms that motivated his trips to the emergency room were vomiting, nausea and abdominal pain. It was not unreasonable for Dr. Richard to include "bowel obstruction" and "weight loss" in his list of Massey's symptom, because Massey had suffered from both in the past.

The opinion of Dr. Donald Kirkpatrick ("Dr. Donald") is not necessarily entitled to more weight simply because he is a specialist. See 20 C.F.R. § 404.1527(d) (setting forth a number of factors to be considered in weighing multiple physician opinions, only one of which is area of specialty). Massey has seen Dr. Donald less frequently than he has seen Dr. Richard, and he visits Dr. Richard when he experiences symptom flare-ups. Dr. Donald's 2005 statement that Massey was doing well on sulfasalazine is undermined by the fact that Massey went to the emergency room for his symptoms later that same day.

An ALJ may reject a treating physician's testimony if it is based largely on the subjective complaints of a non-credible claimant, Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Dr. Richard's assessment, however, is based on objective medical evidence, including a prior diagnosis of Crohn's disease, test results from 2003 showing bowel obstruction (which Dr. Donald thought might still be present even after Massey received his normal follow-through results in September of 2004), and Massey's numerous visits to the emergency room and to Dr. Richard's office during symptom flare-ups.

3.     Finally, the reasons the ALJ provided for disregarding Dorothy Massey's testimony about her son's symptoms are not supported by the record. Her testimony is not internally inconsistent when interpreted in a reasonable

3

fashion in light of the remainder of the record. Massey's symptoms vary widely in severity from one day to the next, and his ability to engage in certain activities on days when his symptoms are not severe does not contradict answers that indicate more severe restrictions. Additionally, the ALJ may not reject lay testimony solely because it is not supported by objective medical evidence. Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009).[1]

4.      Improperly rejected treating physician testimony is credited as true as a matter of law. Widmark v. Barnhart, 454 F.3d 1063, 1069 (9th Cir. 2006). Therefore, the ALJ's hypothetical to the VE should take account of Dr. Richard's opinion. The hypothetical also should take account of Dorothy Massey's testimony, absent additional, legitimate reasons for rejecting it. Massey's counsel did present the limitations documented by the improperly rejected testimony to the VE, but the VE's responses to his questions were inaudible. So that the Commissioner can obtain new, unambiguous VE testimony in response to a complete hypothetical, we reverse and remand to the district court with directions

---

[1]      The Commissioner is correct that SSR 88-13, which is cited in Bruce, has been superseded, but the policy interpretations contained in that ruling were codified in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), and remain valid. See SSR 95-5p at *1.

that it reverse and remand to the Commissioner for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**