NOT FOR PUBLICATION

FILED

**UNITED STATES COURT OF APPEALS**

FEB 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **TEODOSO SERRANO MORENO**, | No. 09-56338 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01022-WQH-PCL |
| v. | |
| **MICHAEL J. ASTRUE, officially, as Commissioner of Social Security Administration**, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 9, 2011
Pasadena, California

Before: **KOZINSKI**, Chief Judge, **HAWKINS** and **FISHER**, Circuit Judges.

Because Moreno's sister's lay testimony was relevant to the ALJ's

determination of whether Moreno would be able to perform work in the national

economy, the ALJ erred in failing to provide specific reasons, germane to the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

witness, for rejecting this testimony. See Bruce v. Astrue, 557 F.3d 1113, 1115–16 (9th Cir. 2009); Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006). Passing references to the sister's testimony about Moreno's general behavior did not suffice. Because the ALJ's decision was inconsistent with the sister's testimony with respect to how Moreno's mental impairment might affect his ability to work, specific examination of her testimony was required. See Stout, 454 F.3d at 1054. This error was not harmless because, fully crediting the sister's testimony, it is not clear that no reasonable ALJ could have come to a different conclusion regarding Moreno's disability. See id. at 1056.

We do not remand for the immediate award of benefits because there are other outstanding issues—including whether Moreno failed to comply fully with prescribed treatment without good reason, and whether full compliance would've ameliorated his condition—that must be resolved before entitlement to benefits can be established. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also 20 C.F.R. § 416.930(b); Gamble v. Chater, 68 F.3d 319, 322 (9th Cir. 1995). On remand, the ALJ is free to reconsider the sister's testimony; if she rejects it, she should give specific reasons for doing so. See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

**REMANDED.**