FILED

NOT FOR PUBLICATION

NOV 21 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

ANNA T. FLEMING,

    Plaintiff - Appellant,

 v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant - Appellee.

No. 11-35997

D.C. No. 3:10-cv-00990-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted August 24, 2012[**]

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

 Anna Fleming appeals the district court's order affirming the decision of the

administrative law judge ("ALJ") denying her application for Supplemental

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Security Income benefits. We review de novo the district court's order affirming the ALJ's denial of benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We may reverse the Commissioner's decision only if it is not supported by substantial evidence or is based on legal error. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Fleming argues that the ALJ erred by improperly rejecting her testimony without providing specific reasons for doing so. "In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). First, the ALJ must determine if there is medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged. *Id.* If the claimant is able to provide this evidence, and there is no evidence of malingering, the ALJ must then give specific, clear and convincing reasons to reject the claimant's testimony. *Id.* The ALJ properly conducted the two-step analysis and reasoned that Fleming's testimony was unreliable because it was inconsistent with medical evidence, lay witness testimony, and the record as a

_____

[1]Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

whole.  Therefore, the ALJ correctly provided specific, clear and convincing reasons for rejecting Fleming's testimony.  *See id.* at 1113.

Fleming contends that the ALJ erred by discounting the contradicted medical opinion of Dr. Rose, an examining physician, without articulating clear and convincing reasons.  The uncontradicted opinion of an examining physician may only be rejected for clear and convincing reasons, but when that opinion has been contradicted, the ALJ may reject it by providing "specific and legitimate reasons that are supported by substantial evidence in the record."  *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).  "A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (internal quotation marks omitted).  The ALJ reasoned that Dr. Rose's opinion was internally inconsistent and that it was based on Fleming's subjective complaints. Therefore, the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for discounting Dr. Rose's medical opinion.  *See Morgan*, 169 F.3d at 602-03.

Fleming also claims that the ALJ erred by discounting the medical opinion of Dr. Rawlins, another examining physician, without articulating clear and

3

convincing reasons. Because Dr. Rawlins' opinion was contradicted, the ALJ must have provided specific and legitimate reasons supported by substantial evidence in the record. *See Lester*, 81 F.3d at 830-31. An ALJ need not accept a physician's opinion if it is inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ reasoned that Dr. Rawlins based his medical opinion on Fleming's subjective complaints and that there was little clinical support for those findings. Therefore, the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for discounting Dr. Rawlins' medical opinion. *See id.*; *Morgan*, 169 F.3d at 602.

Fleming argues that the ALJ erred in step three of the sequential evaluation process by finding that Fleming's mental impairments did not meet or equal a Listing under 12.04, 12.06, or 12.08. The burden is on the claimant to provide evidence that her impairments meet or equal a Listing at step three of the sequential evaluation process. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). Fleming based her argument that she meets a Listing entirely on the properly rejected medical opinion of Dr. Rawlins. Therefore, Fleming failed to meet her burden at step three of the sequential evaluation process. *See id.*

Fleming claims that the ALJ erred by rejecting lay witness testimony without giving specific and legitimate reasons germane to each witness. Lay

4

witness testimony is competent evidence which cannot be discounted without comment. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009). In order to disregard the testimony of a lay witness, the ALJ is required to provide specific reasons that are germane to each witness. *Id.* Contrary to Fleming's argument, the ALJ did not discount the lay witness's testimony. The ALJ relied in part on that testimony to find Fleming's statements not credible. Therefore, the ALJ was not required to provide specific and germane reasons for discounting the lay witness testimony. *See id.*

Fleming argues that the ALJ erred by failing to include relevant symptoms in the Residual Functional Capacity assessment. The ALJ must consider all relevant evidence when making a Residual Functional Capacity determination. *Robbins*, 466 F.3d at 883. However, "[p]reparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary." *Bayliss*, 427 F.3d at 1217. The impairments Fleming claims were omitted from the assessment arose exclusively from the properly discounted medical opinions of Drs. Rose and Rawlins and from Fleming herself. It was unnecessary for the ALJ to include these impairments in his Residual Functional Capacity assessment since he had already found them to be neither credible nor supported by the record. *See id.*

5

Finally, Fleming argues that the ALJ erred by posing an incomplete hypothetical question to the Vocational Expert at step five of the sequential evaluation process. The hypothetical question must be derived from the Residual Functional Capacity assessment and "must set out *all* of the limitations and restrictions of the particular claimant." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The ALJ's question to the Vocational Expert incorporated the Residual Functional Capacity assessment and took into account all of the credible limitations which were supported by evidence in the medical record. *See id.* at 694.

**AFFIRMED.**