**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SHARON A. MOLYNEUX, | No. 12-35178 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05006-RJB |
| v. | |
| CAROLYN W. COLVIN,** Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted May 8, 2013
Seattle, Washington

Before: HAWKINS, THOMAS, and NGUYEN, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted for her predecessor, Michael J. Astrue, Commissioner of Social Security, pursuant to Fed. R. App. P. 43(c)(2).

Sharon Molyneux ("Molyneux") appeals the district court's judgment affirming an Administrative Law Judge's ("ALJ") denial of her applications for Social Security disability benefits. After determining that Molyneux suffered from two severe impairments, the ALJ concluded that she had the residual functional capacity ("RFC") to perform light work (with some exceptions), including her past relevant work as a cashier. We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.[1]

Molyneux contends that the ALJ made a number of errors in the course of examining the medical evidence, weighing her credibility, and assessing lay witness testimony. Most of the errors she cites in the ALJ's consideration of the medical evidence are not errors at all. The only potential such error—the ALJ's failure to address the report of state agency physician Dr. Clifford—is harmless, as that report is not inconsistent with the ALJ's RFC assessment. *Carmickle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (in assessing whether the ALJ's error was harmful, "the relevant inquiry . . . is not whether the ALJ would have made a

_____

[1] We review the district court's order de novo, reversing "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citation omitted). We do not reverse for errors that are harmless. *Id.* at 1111.

different decision absent any error," but rather "whether the ALJ's decision remains legally valid, despite such error").

We agree with Molyneux that two of the ALJ's numerous reasons for finding her only partially credible are erroneous. His determination that she received only conservative pain treatment is factually inaccurate, and his rejection of her subjective testimony for lack of objective evidence that her impairments could be expected to cause the degree of the alleged symptoms is legally invalid. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Despite these errors, the ALJ's remaining reasons for finding Molyneux not entirely credible, coupled with other record evidence calling her trustworthiness into question, comprise "substantial evidence supporting the ALJ's conclusions on . . . credibility." *Carmickle*, 533 F.3d at 1162 (alteration in original) (citation and internal quotation marks omitted).

Finally, having provided germane reasons for doing so, the ALJ did not err in giving little weight to the lay testimony in this case. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

In sum, though another ALJ might have reached a different conclusion, this ALJ's findings are supported by substantial evidence in the record, and any errors are harmless.

**AFFIRMED.**

3