**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LELA K. NEFF,

        Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant - Appellee.

No. 14-15839

D.C. No. 2:12-cv-02122-MHB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Argued and Submitted April 13, 2016
San Francisco, California

Before: THOMAS, Chief Judge, and REINHARDT and CHRISTEN, Circuit
Judges.

    Lela Neff seeks review of the denial of her application for disability

insurance benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The ALJ did not err by weighing Neff's examining and reviewing physicians' opinions over the opinion of Dr. Dominic, her treating physician. Dr. Dominic completed several check-box functional reports stating that Neff has severe functional limitations. Opinions in "check-box form" can be entitled to substantial weight when adequately supported. *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014). But here, the ALJ correctly recognized that neither Dr. Dominic's own notes nor the records in his file supported the severe functional limitations he recommended. This is a specific and legitimate reason to give his opinion little weight. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995).

Nor did the ALJ err by defining Neff's residual functional capacity (RFC) with reference to her exertional level—"sedentary work"—rather than doing a function-by-function assessment. Though an ALJ must "assess the individual's capacity to perform each [exertional and nonexertional] function[] in order to decide which exertional level is appropriate," Social Security Ruling 96-8p, an ALJ can meet this burden by "t[aking] into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ took into account all limitations for which he found support in the record.

The ALJ did not erroneously omit restrictions from Neff's RFC related to her mental health, obesity, or hands. The physicians the ALJ credited opined that Neff has some restrictions in these areas, but the restrictions were explicitly considered by the ALJ and are accommodated by his finding that Neff is limited to unskilled sedentary work.

The ALJ did not fail to properly consider the subjective testimony of Neff or her mother. The ALJ recognized that Neff's and her mother's testimony that Neff suffered disabling impairments was inconsistent with the record evidence. For example, the ALJ noted that Neff "explain[ed] that she is [in] constant pain and is unable to sleep more than a few hours at a time at night which causes her fatigue, depression, difficulty focusing, and remembering at times," and that she is "unable to sit, stand or lay for very long, unable to lift or use repetitive motion without severe pain, and cannot concentrate on work or daily activities." The ALJ recognized that Neff's mother testified that Neff "requires assistance with personal care; she cannot engage in bending, lifting, or carrying due to pain; has blackouts while driving; and her functional capacity is further affected by pain, depression, anxiety, and medications, among other things." The ALJ properly found this testimony to be inconsistent with the medical evidence in the record. For example, records show Neff had a normal CT scan, her mental status was "completely

3

normal," her "neurological symptoms ha[d] resolved," and she could "ambulate by herself without any difficulty." These inconsistencies provide a specific, clear, and convincing reason to discount Neff's testimony, *see Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014), and a specific and germane reason to discount Neff's mother's testimony, *see Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

The ALJ's determination that Neff can perform unskilled sedentary work is supported by substantial evidence.

AFFIRMED.