**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARJORIE EDITH WHEATLEY, | No. 15-35632 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00059-MAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted December 11, 2017**

Before:    THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Marjorie Wheatley appeals the district court's decision affirming the

Commissioner of Social Security's denial of Wheatley's application for social

security disability insurance benefits under Title II of the Social Security Act.  We

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we reverse and remand for further proceedings.

The ALJ failed to provide specific and legitimate reasons for assigning little weight to Dr. Overman's opinion. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 2014) (noting that the ALJ must make findings setting forth specific and legitimate reasons in order to reject the contradicted opinion of a treating physician). Because Dr. Overman examined Wheatley and administered an ultrasound test, he did not rely "solely" on Wheatley's subjective complaints to support his functional assessments, diagnoses and other findings, so the ALJ's characterization of the extent of his reliance is error. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008). It is not clear if Dr. Overman's opinion regarding Wheatley's limitations in 19 out of 20 activities of daily living came from Wheatley's report, as the ALJ found, or whether Dr. Overman came to this conclusion on his own. Dr. Overman also does not specify the activities of daily living, so the ALJ cannot assume that these particular activities conflicted with her self-reports. This is further error.

The ALJ gave specific and legitimate reasons for assigning only "little to no weight" to the opinion of Dr. Neiman because his opinion was inconsistent with the medical evidence and her reported activities. *Thomas v. Barnhart*, 278 F. 3d

947, 957 (9th Cir. 2002); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (affirming ALJ's finding that fibromyalgia plaintiff's allegations of disabling pain were undermined by plaintiff's daily activities).

The ALJ erred in giving little weight to Mr. Wheatley's lay testimony because he actually based his testimony on his own observations rather than Wheatley's subjective complaints. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (holding that the ALJ gave inadequate reasons for rejecting wife's lay opinion testimony).

Although the ALJ erred in evaluating Dr. Overman's opinion and Mr. Wheatley's lay testimony, it is not clear from the administrative record that the ALJ would otherwise be required to award benefits. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate."). Accordingly, we remand for further proceedings.

**REVERSED and REMANDED.**

15-35632