**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LYNN M. PACHECO, | No.    16-35844 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05848-BHS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted April 27, 2018[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Lynn Pacheco appeals the district court's affirmance of the Commissioner of

Social Security's denial of her application for disability insurance benefits under

Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

Substantial evidence in the record supports the administrative law judge's ("ALJ's") assessment of the medical evidence, and any error was harmless. While Pacheco argues the ALJ erred by failing to acknowledge the medical evidence from Drs. Danielson and Lawton supports Pacheco's testimony concerning her symptoms and limitations, she does not identify any specific errors the ALJ made when assessing this evidence. Similarly, although Pacheco asserts the ALJ erred by not acknowledging Dr. Lawton is a rheumatologist, she does not indicate any way in which the ALJ failed to support his decision with substantial evidence or any harmful error that influenced the ultimate nondisability determination. *See Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir 2017); *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

The ALJ also did not err by affording Dr. Gist's opinion "significant weight." Pacheco contends the ALJ erred by not providing Dr. Gist with copies of some of Pacheco's medical records because Dr. Gist's evaluation does not list these records in his summary of the documents he reviewed. Although it is unclear from the record whether Dr. Gist in fact reviewed the records at issue, he did base

2

his opinion on his own examination of Pacheco. As a result, Dr. Gist's opinion constitutes substantial evidence, and the ALJ did not err by relying upon it. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). In addition, even if Dr. Gist did not review all of Pacheco's medical records, Pacheco has not explained how this procedural error affected her substantial rights, as required to demonstrate reversible error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). Pacheco's argument that the ALJ erred by failing to acknowledge that some of Dr. Gist's conclusions are inconsistent with his findings also lacks merit, as she does not show how Dr. Gist's findings are inconsistent with his conclusions concerning her functional limitations.

Pacheco's argument that the ALJ erred in assessing the evidence from examining psychologist Dr. Tarantino, to which the ALJ assigned "significant weight," also lacks merit. Pacheco maintains Dr. Tarantino's findings support her testimony concerning her debilitating symptoms and limitations. However, her assertion simply amounts to advocating for an alternative interpretation of the record; to the extent the evidence was ambiguous, the ALJ reasonably resolved this ambiguity, and the Court will uphold the ALJ's rational interpretation of the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008); *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

3

Pacheco also disputes the validity of the ALJ's assessment of consulting physician Dr. Hoskins' opinion, to which the ALJ accorded "good weight," but less weight than other medical opinion evidence, because Dr. Hoskins did not examine Pacheco. Despite Pacheco's argument that the ALJ erred by relying on Dr. Hoskins' opinion because he did not examine Pacheco, the ALJ took this factor into account when weighing this evidence. Pacheco does not call attention to any substantive error the ALJ committed or any way in which the ALJ's evaluation of Dr. Hoskins' opinion lacked substantial evidentiary support. *See Diedrich*, 874 F.3d at 638.

Furthermore, in arguing the ALJ failed to properly evaluate the medical evidence because a reasonable ALJ could have reached a different disability determination, Pacheco advocates the incorrect standard of review. "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that the claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

Pacheco's argument that the ALJ erred by failing to acknowledge other various pieces of medical evidence Pacheco lists from different providers support Pacheco's testimony also lacks merit. Pacheco has not shown the ALJ's decision

4

lacks support or contains harmful error, *see Diedrich*, 874 F.3d at 638, and she has failed to argue this issue "specifically and distinctly" as required to invoke this court's review. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003); *accord Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

While the ALJ did err in assigning "little weight" to medical evidence predating Pacheco's application for disability benefits, Pacheco has not shown this error was harmful. Although evidence that predates the alleged onset date of disability is of limited relevance, *Carmickle*, 533 F.3d at 1165, evidence that predates the claimant's application date but postdates the alleged onset date is pertinent to the alleged period of disability. Pacheco does draw attention to some evidence the ALJ discounted that predated her application date but postdated her alleged onset date. Nevertheless, the evidence to which Pacheco cites includes findings similar to other medical evidence to which the ALJ afforded significant weight and does not include any opinions about Pacheco's functional limitations. Thus, crediting this other medical evidence would not have impacted the ALJ's ultimate decision concerning Pacheco's disability status, rendering any error harmless. *See Molina*, 674 F.3d at 1115; *Burch v. Barnhart*, 400 F.3d 676 483 (9th Cir. 2005).

The ALJ did not err in discounting Pacheco's testimony. The ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting Pacheco's statements. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ cited contradictory medical evidence, evidence that Pacheco's symptoms were well controlled with medication, and statements Pacheco had made contradicting her claims of debilitating impairment. *See Warre v. Comm'r of the Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Molina*, 674 F.3d at 1112; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Notwithstanding Pacheco's general arguments that the ALJ's reasons for rejecting her testimony are not clear and convincing, and that the ALJ's assessment is based on an improper evaluation of the medical evidence, Pacheco does not support her assertions with specific allegations of error. Because the ALJ supported his decision with a reasonable interpretation of the record, we will not disturb his decision. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

The ALJ did err by discounting the lay witness testimony from Pacheco's friend Priscilla Watson by reasoning that it was not based on objective medical evidence, as lay witness evidence by its nature is based on the witness's observations, rather than medical evidence. *See Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). However, the ALJ also provided a valid, germane reason for

discounting Ms. Watson's testimony–its inconsistency with the medical evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). In addition, Ms. Watson's and Pacheco's testimony substantially overlap, and the ALJ's reasons for rejecting Pacheco's testimony "apply with equal force to the lay testimony," meaning any error was harmless. *See Molina*, 674 F.3d at 1122.

Finally, Pacheco argues the ALJ erred in formulating the RFC and making the Step Five findings. These assertions depend upon Pacheco's arguments that the ALJ erred in previous steps in the sequential evaluation. Because Pacheco has not demonstrated the ALJ committed harmful error earlier in his analysis, her argument lacks support.

**AFFIRMED.**