NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRET MAKOVINEY,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>    Defendant-Appellee. | No. 19-35502<br><br>District Court No.<br>18-cv-05402-RBL<br><br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted October 7, 2020[**]
Seattle, Washington

Before: CALLAHAN and CHRISTEN, Circuit Judges, and RAKOFF,[***] District Judge.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Appellant Brett Makoviney[1] applied for Social Security disability insurance benefits in March 2008. The essence of his claim is that he has been disabled since "he was thrown from the cab" of a roller machine at work on October 9, 2001. This Court "review[s] a district court's order upholding the Commissioner's denial of benefits de novo." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Court reviews the Commissioner's decision (here, the ALJ's decision) to ensure it is free from harmful legal error, *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012), and supported by substantial evidence, 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The ALJ did not harmfully err in evaluating the medical evidence. First, it was not harmful error to determine that Dr. Johnson's opinion was entitled to no weight because Dr. Johnson relied on mental health evaluation and treatment information from well after the date last insured and because his opinion was inconsistent with the opinion of examining physician Dr. Miller.

---

[1] The plaintiff-appellant appears to spell his first name "Brett," contrary to the caption.

Second, Makoviney has not shown that giving little weight to Dr. Campbell's opinion was harmful error; the ALJ articulated specific and legitimate reasons supported by substantial evidence—*i.e.*, the contrary clinical findings of Makoviney's treatment providers prior to the date last insured, who (1) found normal muscle strength in all extremities and normal reflexes shortly after the alleged workplace accident, and (2) found normal range of motion, gait, sensation, and reflexes.

Third, it was not harmful error to give little weight to Dr. Brewer's opinions because Makoviney merely presents a contrary way the ALJ could have evaluated them, without showing any error in the ALJ's evaluation of them.

Fourth, it was not harmful error for the ALJ to give "little weight" to the treatment notes of Drs. Albert and Yamamoto because, as the ALJ explained, "they do not describe the claimant's functioning during the period at issue."

Finally, Makoviney asks the Court to reevaluate the weight the ALJ assigned to the opinions of non-examining Drs. Hoskins, Collingwood, Robinson, and Atkins, all of which the ALJ considered. Where the ALJ's approach to weighing the experts' opinions is rational and supported by substantial evidence, it is not the function of this Court to reweigh expert opinions that all parties agree the ALJ should have considered. *See Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the

ALJ's conclusion must be upheld."); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence.").[2]

The ALJ did not harmfully err in rejecting Makoviney's testimony regarding his symptoms. In this circuit, there is a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the Court asks whether the plaintiff has presented objective medical evidence that "could reasonably be expected to produce" the symptoms. *Id.* (citation and internal quotation marks omitted). If yes, and if there is no affirmative evidence of malingering, then the ALJ must either accept the claimant's testimony or offer "specific, clear and convincing reasons for [rejecting it]. This is not an easy requirement to meet." *Id.* However, the specific, clear and convincing standard of review "does not apply when there is affirmative evidence that the claimant is malingering." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).

Here, the ALJ found that Makoviney presented objective medical evidence that could reasonably be expected to produce his symptoms. However, the ALJ also found affirmative evidence of malingering. This determination was rational and

---

[2] To the extent Makoviney cogently raises an argument regarding Dr. Daniel's opinion, it is a reiteration of his argument regarding Dr. Campbell's opinion and is rejected for reasons already stated.

4

supported by substantial evidence: two doctors found at least one Waddell sign each, and one doctor found "give-way weakness" rather than true weakness in Makoviney's upper extremities. In addition to the evidence of malingering, the ALJ noted the lack of objective medical evidence to corroborate the alleged pain prior to the date last insured; Makoviney's unexplained failure to follow through with medical treatment, including physical therapy; and Makoviney's daily activities (*e.g.*, walking a mile each day and mowing the lawn on a four-acre property). Together, these reasons offer substantial evidence supporting the ALJ's determination to reject Makoviney's testimony.

Finally, the ALJ did not harmfully err in assessing the lay evidence. The ALJ generally "must consider lay witness testimony concerning a claimant's ability to work," and can only reject such testimony based on "specific" reasons that are "germane to each witness." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citations and internal quotation marks omitted). Here, the ALJ's rejection of Makoviney's brother's testimony was rationally supported by two specific reasons: first, Makoviney testified that he was not depressed, but his brother testified that he was. Second, Makoviney's brother's written testimony reflected Makoviney's condition as of the time it was written, in 2012, but did not reflect Makoviney's

impairment, if any, before the date last insured in 2003.[3]

The judgment of the district court is **AFFIRMED**.

---

[3] Makoviney purports to raise two additional arguments for reversal: that the ALJ did not properly determine his residual functional capacity and that the ALJ therefore did not properly conduct an inquiry concerning whether there are jobs in the national economy that Makoviney could perform. These two arguments are completely derivative of Makoviney's prior arguments and fail for reasons already stated.