NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIELLE H DAVIS, | No. 21-35411 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-06230-DWC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted June 7, 2022[**]
Anchorage, Alaska

Before: HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Danielle Davis appeals the district court's order affirming the Commissioner

of Social Security's denial of disability benefits and supplemental Social Security

income. "We review the district court's order affirming the [Administrative Law

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge's (ALJ's)]'s denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (citation and quotations omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Substantial evidence supports the ALJ's discounting of Davis's subjective symptom testimony. An "ALJ can reject the claimant's testimony about the severity of her symptoms . . . by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Here, the ALJ found that Davis's mental health functioning was not as limited as she alleged because she had made inconsistent efforts to seek clinical treatment and had not pursued recommended medication. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (holding that an ALJ may rely on an inadequately explained failure to seek treatment), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). The ALJ also found that Davis's performance on her mental status exams and presentation before the agency conflicted with her subjective testimony. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

2.      In discounting Dr. Wilkinson's conclusions, the ALJ articulated "specific and legitimate reasons that are supported by substantial evidence." *Ryan*

*v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted). The ALJ gave little weight to Dr. Wilkinson's assessed limitations because Dr. Wilkinson "provided no explanation for these ratings" and relied almost entirely on Davis's self-reporting during her one visit to him. The ALJ also found that Dr. Wilkinson's assessed limitations were not supported by the medical record and conflicted with his other findings. This reasoning was sufficient. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (citation omitted) (holding that when a physician offers an opinion that is "brief, conclusory, and inadequately supported by clinical findings," the ALJ need not accept it); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008) (holding that an incongruity between a doctor's conclusions and the medical records provides a "specific and legitimate reason" for rejecting that opinion, and that an ALJ may also reject a medical opinion based on the claimant's self-reported ailments when it is made "with little independent analysis or diagnosis").

3. Assuming without deciding that the ALJ was required to provide specific and legitimate reasons for discounting Mr. Dilk's opinion, the ALJ did so. The ALJ rejected Mr. Dilk's conclusions because they conflicted with the medical record and the findings of other providers. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (holding that inconsistencies with the medical record provide a valid basis to discount an opinion). In addition, "the ALJ may permissibly reject check-

3

off reports that do not contain any explanation of the bases of their conclusions," *id.* at 1155 (citation omitted), which was the case here. Moreover, substantial evidence supports the ALJ's reliance on the opinions of state medical and psychological consultants because the ALJ could conclude those opinions were consistent with the medical record.

4.      Before discounting lay testimony, the ALJ must give specific reasons "germane to each witness." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citation omitted). Here, the ALJ discounted Marion Yusko's function report because it was inconsistent with the medical evidence. This reasoning was sufficient.

5.      Substantial evidence supports the ALJ's step-five finding that Davis could perform gainful work in the national economy. Davis argues that the ALJ did not include all her limitations in his hypothetical to the vocational expert. But this reprises Davis's arguments regarding the ALJ's assessment of the opinion evidence. Because substantial evidence supported the ALJ's findings, the hypothetical to the vocational expert "contained all of the limitations that the ALJ found credible" and "was proper." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**

4