NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELSIE MANYGOATS,

    Plaintiff - Appellant,

v.

UNITED STATES OFFICE OF NAVAJO
AND HOPI INDIAN RELOCATION, an
administrative agency of the United States,

    Defendant - Appellee.

No. 24-3274

D.C. No.
3:22-cv-08028-DLR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted April 4, 2025
Phoenix, Arizona

Before: HAWKINS, WALLACH[**], and R. NELSON, Circuit Judges.

The Manygoats family sought relocation benefits on behalf of Charley

Manygoats, now deceased, pursuant to the Navajo-Hopi Settlement Act. Pub. L.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Evan J. Wallach, United States Circuit Judge for the
Federal Circuit, sitting by designation.

No. 93-531, 88 Stat. 1712 (formerly codified, as amended, at 25 U.S.C. §§ 640d–640d-31 (2015)). An Office of Navajo and Hopi Indian Relocation (ONHIR) Hearing Officer determined that Charley did not meet his burden of showing he was a resident of Hopi Partitioned Land (HPL) on December 22, 1974 (the Enactment Date), as required by the Act and subsequent regulations. 25 C.F.R. § 700.147(a). The district court found no violation of the Administrative Procedure Act (APA) or trust violation in the Hearing Officer's decision. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo and ONHIR's decision for whether it was arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence. *Bedoni v. Navajo-Hopi Indian Relocation Comm'n*, 878 F.2d 1119, 1122 (9th Cir. 1989); *see also* 5 U.S.C. § 706(2)(A), (E). We affirm the district court.

1. Substantial evidence supports the Hearing Officer's determination that, on the Enactment Date, Charley was not a legal resident of HPL, as required by ONHIR's regulations. *See* 25 C.F.R. §§ 700.97(a) ("residence" means "legal residence"), 700.147(b) (burden on applicant). Moreover, the Hearing Officer relied upon permissible record evidence when coming to his decision. *See Barton v. ONHIR*, 125 F.4th 978, 982–83 (9th Cir. 2025) (quoting 49 Fed. Reg. 22,277, 22,277–78).

The Hearing Officer noted that Charley's family lived full time outside HPL,

Charley used his earnings to support his family there, and Charley's wife rarely visited Charley's purported residence on HPL and never stayed there overnight. Further, Charley was not on the Bureau of Indian Affairs enumeration whereas his relatives were, Charley never claimed to have a residence on HPL but stayed at his father's or sister's hogans, Charley was not mentioned in his sister's relocation benefits applications, and another family claimed the homesite on HPL which Charley claimed. Moreover, the ONHIR site investigator "was unable to confirm evidence of habitation" where Charley claimed residency, there was limited access to the site, and there was "nothing more than scraps on the ground."

Substantial evidence also supports the Hearing Officer's credibility determinations, which "are granted substantial deference." *De Valle v. INS*, 901 F.2d 787, 792 (9th Cir. 1990) (quotation omitted). The Hearing Officer found Charley and his wife generally credible, except regarding the extent to which they claimed Charley visited his claimed residence on HPL. The substantial evidence that supports the Hearing Officer's finding of non-residency also supports finding the Manygoats' claims that Charley frequently visited HPL not credible. *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (agency adjudicators must provide reasons germane to each witness to support partial credibility findings). Finally, the Manygoats do not identify what in Charley's sister's or uncle's testimony is material to *when* Charley lived on HPL. So any error in the Hearing Officer's determination

that the sister and uncle were not credible is harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (burden on party attacking agency determination to show harmful error).

2. The Manygoats quote from ONHIR Hearing Officer decisions which were not before the Hearing Officer and which they claim the district court was obliged to consider. We typically do not stray from the administrative record when reviewing agency action. *See Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005). While there are "narrow exceptions," the Manygoats do not explain how this circumstance fits into any of them. *See id.* at 1030. Accordingly, the Manygoats have not met their "heavy burden to show that the additional materials sought are necessary to adequately review" the Hearing Officer's decision. *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010). Nor have they shown how these decisions, with disparate facts, constitute a "settled course of adjudication," the deviation from which would constitute arbitrary or capricious agency action. *See Cal. Trout v. FERC*, 572 F.3d 1003, 1023 (9th Cir. 2009) (quotation omitted).

3. The Manygoats claim that ONHIR violated its trust obligations by denying their resettlement benefits claim. *See Bedoni*, 878 F.2d at 1126. But they never explain in their opening brief what actions ONHIR took that constitute that breach. Only in their reply brief do the Manygoats specify that ONHIR purportedly violated

4

Charley's "right to apply [for relocation benefits] in a timely manner in violation of the [APA]." Even then, they do not support this claim with citations to the record, and it is impossible for us to determine whether this purported delay violated the APA or ONHIR's trust obligations. This claim is therefore forfeited. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (arguments not specifically and distinctly developed in the opening brief are forfeited); *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (arguments "not supported by citations to the record or to case authority" are forfeited).

**AFFIRMED.**