**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACY THOMAS COSTA, | No. 15-16124 |
| Plaintiff-Appellant, | D.C. No. 2:12-CV-2591-EFB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding

Argued and Submitted May 16, 2017
San Francisco, California

Before: CANBY and MURGUIA, Circuit Judges, and RUFE,[**] District Judge.

Appellant Tracy Costa appeals from the decision of the district court affirming the denial of disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and will reverse.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. We review de novo the district court's judgment upholding the denial of social security benefits, and "may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.* (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). We must "consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (internal quotation marks and citations omitted).

2. Costa was diagnosed in 2007 with oculodentodigital dysplasia ("ODDD"), a rare, progressive genetic disease which manifests in Costa with syndactyly (fusing of the fingers and toes, for which she had surgery as a child), peripheral neuropathy, weakness, spasticity, pain, and possible white matter changes in her brain. Costa also has a history of migraine headaches.

3. The ALJ did not provide a clear and convincing reason supported by substantial evidence for rejecting Costa's testimony concerning the severity of her symptoms. *See Lingenfelter*, 504 F.3d at 1036. The ALJ highlighted Costa's daily

activities and her work history as a flight attendant and caregiver for her daughter. However, the ALJ failed to consider Costa's testimony that as her ODDD progressed she could not engage in even minimal activities several days a week and required significant help completing household chores, taking care of her children, driving, and shopping. The ability to accomplish daily tasks irregularly does not necessarily equate with an ability to work, and "impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). The evidence in the record also was insufficient to conclude that Costa's employment as a home-health aide for her daughter (which consisted mainly of sleeping nearby in the event that her daughter suffered an epileptic episode in the night) was incompatible with the reported limitations or inconsistent with an inability to work. *See Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007).

In finding that Costa lacked credibility, the ALJ also cited a lack of evidence in the record of physical therapy or surgery, but there was no evidence that surgery was recommended, and although the ALJ referenced Dr. Cheema's recommendation of muscle strengthening exercises, the ALJ failed to note that Dr. Cheema also stated that "there are no therapeutic options that I can offer at this time." Lastly, to the extent the ALJ found Costa to lack credibility because her

3

migraines were "well controlled" with medication, this finding is not supported by substantial evidence. Although there were a few instances in the record where Costa reported her migraines subsided after taking medication, the record as a whole shows that Costa's migraines were not well controlled, as she consistently went to the emergency room for treatment for her severe migraines. *See Garrison*, 759 F.3d at 1017 & n.23 (noting that an ALJ may not cherry-pick from mixed results);

4. As Appellee acknowledged, the ALJ also improperly gave no weight to the testimony of Costa's husband, which supported Costa's described limitations, because he "is not an acceptable medical source as required by the Regulations, and his overall opinion of the claimant's functional ability is inconsistent with the medical opinions of record, the objective findings and the record as a whole." Mr. Costa did not testify as a medical witness, and as the ALJ found him credible, there was no germane reason given for wholly rejecting his testimony. *See Bruce v. Astrue*, 557 F.3d 1113, 1115–16 (9th Cir. 2009).

5. Failing to consider fully all of Costa's described limitations led the ALJ erroneously to discount the opinions of the treating physicians by determining incorrectly they were inconsistent with Costa's own assessment of her physical abilities and the objective medical evidence. Although the objective medical evidence is conflicting, a review of the entire record shows that the ALJ, while

4

according considerable weight to the nonexamining state agency medical sources, failed to consider fully the progressive nature of and increasing levels of pain associated with Costa's ODDD (which few physicians beyond the diagnosing physician, Dr. Boyd, are likely to have encountered), the history of Costa's medical treatment, including evidence of repeated hospital visits for migraines, the relief granted by certain medication, the testimony of Costa and her husband as to symptoms that persist despite the medication, and the apparently limited treatment options available. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161–62 (9th Cir. 2014).

6. Having determined that the ALJ erred, "we look at the record as a whole to determine whether the error alters the outcome of the case." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). "ALJ errors in social security cases are harmless if they are inconsequential to the ultimate nondisability determination and . . . a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (alteration in original) (internal quotation marks and citation omitted). In this case, we cannot conclude that the errors were harmless. The testimony of the Costas and the opinions of the treating physicians constitute highly probative evidence that must be properly evaluated before determining whether Costa is disabled.

7.	We therefore reverse and remand to the district court with instructions to remand, on an open record, to the Social Security Administration for further proceedings. Because "essential factual issues" concerning the medical evidence must be resolved, remand for further proceedings, rather than an award of benefits, is appropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

**REVERSED and REMANDED**.