**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBYN M. FENNELL, | No. 16-35051 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05113-JPD |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, II, Magistrate Judge, Presiding

Submitted January 5, 2018[**]

Before: THOMAS, Chief Circuit Judge, TROTT and SILVERMAN, Circuit Judges.

Robyn M. Fennell appeals from the district court's order affirming the

decision of the Commissioner of Social Security denying her applications for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo, *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we affirm.

Fennell argues that substantial evidence does not support the administrative law judge's ("ALJ") determination that her somatoform disorder and social phobia are not severe impairments. However, she fails to identify the evidence supporting the ALJ's determination that these impairments are not severe and explain why this evidence is not substantial. Instead, she only discusses a report from a single physician indicating that Fennell may suffer from these impairments. Absent a specific discussion of why the ALJ's cited evidence is not substantial, we decline to consider this argument. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (The Court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief." (citation omitted)); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("We require contentions to be accompanied by reasons.").

Fennell's contention that the ALJ erred at step three in finding that the severity of her impairments does not meet or equal the criteria of section 11.09C of

the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.09C (Effective Aug. 12, 2015 to May 23, 2016), also lacks merit. The only evidence Fennell cites to support her argument is Dr. Dempster's medical opinion. As discussed below, the ALJ properly discounted Dr. Dempster's opinion; therefore, this opinion does not support an alternative conclusion at step three. *See Burch v. Barnhart*, 400 F.3d 676, 682–83 (9th Cir. 2005) (ALJ did not err in failing to consider obesity at step three because claimant failed to satisfy his burden of proof by explaining how obesity met or equaled a listing).

The ALJ discussed and, when accepted, accommodated all "significant [and] probative" medical evidence. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Moreover, Fennell fails to explain how the ALJ's interpretation of brain imagings was erroneous in light of the physical examinations revealing only mild symptoms. *See Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

The ALJ properly discounted Dr. Dempster's opinion for reasons that are specific, legitimate, and supported by substantial evidence. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Namely, the opinion was inconsistent with the longitudinal medical record, *see Bayliss v. Barnhart*, 427 F.3d

1211, 1217 (9th Cir. 2005), and contained little explanation in support, *id.* at 1216 ("[A]n ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings."). The fact that Fennell held herself out as available for full-time work when receiving unemployment benefits during the adjudicatory period also undermined Dr. Dempster's opinion. *Carmickle*, 533 F.3d at 1161–62.

Fennell argues that the opinion of the state agency's non-examining medical consultant Dr. Thuline is entitled to little if any weight because he did not review evidence from after February 2012 and his opinion is inconsistent with the opinions and clinical findings of all treating and examining sources. However, she fails to identify and discuss any evidence from after February 2012 that undermines Dr. Thuline's opinion and fails to specifically discuss the medical opinions and clinical findings that allegedly contradict Dr. Thuline's opinion. Absent such a discussion, we decline to consider this argument. *Indep. Towers of Wash.*, 350 F.3d at 930.

The ALJ provided germane reasons for only accepting the lay opinion of Leonard Fennell to the extent it was consistent with the overall evidence. *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (noting that an ALJ must provide germane reasons to disregard lay witness testimony). Specifically, the

4

ALJ noted that the results of Fennell's physical examinations and the extent of Fennell's daily activities undermine Leonard Fennell's statement.

The ALJ properly discredited Fennell's testimony on the severity of her symptoms by providing specific, clear, and convincing reasons. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Fennell's allegedly disabling vision loss is controlled by medication and eyeglasses, *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006), and she is able to drive nonetheless; she did not follow a prescribed course of treatment and lied to her doctor about this failure, *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012); she sought and received no more than conservative treatment for her mental symptoms, *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007); she made inconsistent statements concerning her ability to care for her young son, *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); her ability to care for her young son is inconsistent with her allegation that she spends most days lying down and doing nothing, *see Molina*, 674 F.3d at 1112–13; and she held herself out as available for full-time work when receiving unemployment benefits during the adjudicatory period, *see Carmickle*, 533 F.3d at 1161–62. Any error the ALJ made in assessing Fennell's credibility was harmless in light of these valid reasons. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195–97 (9th Cir. 2004).

5

Finally, the ALJ properly included in the residual functional capacity assessment and hypothetical question to the vocational expert only those limitations she found credible and supported by substantial evidence. *Bayliss*, 427 F.3d at 1217-18.

**AFFIRMED.**