**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIE A. SOLER AMOR, | No. 16-35254 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01526-TC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted November 9, 2018
Portland, Oregon

Before: TALLMAN and IKUTA, Circuit Judges, and BOUGH,** District Judge.

Julie Soler Amor appeals the district court's decision affirming the

Commissioner of Social Security's denial of Soler Amor's application for social

security supplemental security income under Title XVI of the Social Security Act.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 736 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

This Court lacks jurisdiction to review the Appeals Council's decision to deny "a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." *Brewes v. Comm's of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Although we may review evidence submitted to and considered by the Appeals Council as part of the administrative record, *id.* at 1162, here the Appeals Council only looked at the evidence, and determined it did not meet the standard for consideration, *see* 20 C.F.R. § 416.1470(b)(1987) (stating that "if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision") (current version at 20 C.F.R. § 416.1470(b)( (2018). Therefore, the new evidence did not become part of the record, and we may not consider it. *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

Soler Amor's argument that the ALJ erred in evaluating the medical evidence and conducting a residual functional capacity assessment fails because the argument is premised on the new medical evidence submitted to but not considered by the Appeals Council, which is not part of the administrative record before this Court.

16-35254

Soler Amor argues that this Court should retroactively apply Social Security Ruling 16-3p, which supersedes a prior Social Security Ruling addressing credibility. This Court has recognized that SSR 16-3p "makes clear what our precedent already required," *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). Here, the ALJ's reasoning satisfies SSR 16-3p and this Court's precedent.

The ALJ identified specific, clear and convincing reasons that are supported by substantial evidence for discounting Soler Amor's testimony regarding the debilitating effects of her symptoms: (1) she lacked motivation to work; (2) there were inconsistencies between her subjective complaints and activities of daily living; and (3) her subjective complaints are not consistent with the medical evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (affirming an ALJ's determination the claimant's little propensity to work "negatively affected her credibility regarding her inability to work"); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (listing among proper considerations for credibility assessment an engagement in activities of daily living that are inconsistent with the alleged symptoms); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (holding that an ALJ can consider a lack of supporting medical evidence when assessing credibility). The ALJ incorrectly discounted her testimony on the basis that her substance abuse and drug-seeking behavior contributed to her condition, but this was harmless error because the ALJ gave several other specific, clear and

16-35254

convincing reasons. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (concluding that error was harmless even if the record did not support one of the ALJ's stated reasons for disbelieving a claimant's testimony).

The ALJ properly gave limited weight to case manager Mr. O'Neill's testimony because he infrequently met with Soler Amor. The ALJ reasonably inferred that his testimony lacked foundation. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1995) (holding that lay witnesses must have sufficient contact with a claimant during the relevant period to qualify as competent).

The ALJ properly gave some weight to Ms. Scott's statement, agreeing that Soler Amor has symptoms of depression and anxiety. The ALJ properly reasoned that the activities that Ms. Scott listed do not reflect disabling limitations and objective testing in the record does not support her stated physical limitations. Inconsistency with medical evidence and activities of daily living are germane reasons for discrediting lay witness testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The ALJ also gave a germane reason to discount Ms. Scott's letter because she described mental limits that conflicted with examining psychologist Dr. Duvall's assessment. *Id*.

The ALJ properly gave little weight to Ms. Juul's statement that Soler Amor is nervous and easily districted, causing her to cry and panic because it was inconsistent with Dr. Duvall's opinion that Soler Amor could pay attention and

concentrate. The ALJ erred in giving little weight to Ms. Juul's letter because she did not have objective information or testing. An ALJ may not reject lay testimony simply because the lay witness is not "knowledgeable in the medical and/or vocational field." *Bruce v. Astrue*, 557 F.3d 1113, 1116 n.1 (9th Cir. 2009). However, this error was harmless because the ALJ gave a germane reason to give little weight to her letter because it conflicts with Dr. Duvall's opinion. *See Bayliss*, 427 F.3d at 1218.

**AFFIRMED.**