**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHERYL ALO, | No. 17-35554 |
| Plaintiff-Appellant, | No. 1:16-cv-00180-BR |
| v. | MEMORANDUM[*] |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted March 27, 2019[**]

Before:     FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.

Cheryl Lynn Alo appeals the district court's affirmance of the Commissioner of Social Security's denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we reverse and remand for further proceedings.

The ALJ's decision lacks substantial evidentiary support in light of physician assistant ("PA") Tuttle's May 2014 clarifying opinion, which the Appeals Council reviewed and is now part of the record on review. *See Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1162-63 (9th Cir. 2012). The Commissioner conceded that the ALJ's failure to comment on the PA's initial statement was error, citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). According to the PA's clarified opinion, Alo needs to elevate her legs every two hours for twenty minutes at a time. We reject the Commissioner's argument that the ALJ's Residual Functional Capacity ("RFC") provision for leg elevation for only ten to fifteen minutes every two hours and thirty to sixty minutes at her lunch break adequately accounted for PA Tuttle's May 2014 opinion. The time allotted by the RFC at each interval is shorter than the twenty minutes every two hours specified by the PA. Thus, the RFC does not adequately account for PA Tuttle's opinion. What is missing from this record is an answer from a vocational expert as to whether an individual resting for twenty minutes every two hours could sustain competitive employment.

The ALJ cited specific, clear, and convincing reasons for discounting Alo's testimony, including inconsistencies in Alo's testimony, inconsistencies between

2

Alo's testimony and daily activities, and a lack of supporting medical evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). While Alo advocates for a different interpretation of the medical evidence, she has not demonstrated that the ALJ's interpretation was not reasonable. Because the ALJ provided a rational interpretation of the evidence, Alo has not identified grounds to overcome the ALJ's determination. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

Alo's contention that the ALJ erred in relying upon her daily activities to discount her testimony lacks merit. While Alo cites *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017), in support of her argument, *Trevizo* is distinguishable from the case at hand. The extent of Trevizo's daily childcare responsibilities was not clear from the record, while the record here contains more details concerning Alo's regular childcare tasks. For instance, Alo testified she shares tasks such as cooking, as well as dressing and bathing her children with her husband, and she drives her older child to school four days a week. Alo reported she also reads stories, does puzzles, and plays board games with her children. Thus, it was reasonable for the ALJ to discount Alo's testimony that she was physically unable to work at any job as inconsistent with these activities.

The ALJ's reasoning that Alo "has two children under the age of five, both of whom were born after the alleged onset date," and that it is "unlikely that the

3

claimant would have undertaken the burden of childbirth and childrearing in the context of being as functionally limited as she claims to be" does not constitute a clear and convincing reason supported by substantial evidence for rejecting her testimony. The record does not elucidate the circumstances surrounding Alo's childbirths, and as a result, this reasoning lacks substantial evidentiary support. Even though the ALJ erroneously relied upon Alo's decision to bear children, the ALJ cited other clear and convincing reasons for discounting Alo's testimony, and so this error was harmless. *See Molina*, 674 F.3d at 1115.

The ALJ's error in failing to provide germane reasons for assigning little weight to the lay witness testimony from Alo's aunt, Ms. Hopkins, was harmless. Although the ALJ discounted Ms. Hopkins' statements due to inconsistencies between this testimony and Alo's reported activities, the testimony the ALJ cited was not actually inconsistent with Alo's reports. In addition, the ALJ erred by relying upon that Ms. Hopkins "was not in a position to identify whether such restrictions were medically necessary or had simply been adopted by the claimant as a matter of preference." Lay witnesses are not required to indicate whether their observations of the claimant's behavior stem from medically necessary limitations, as this would run counter to the purpose of considering lay testimony. *See Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). Nevertheless, because the ALJ provided clear and convincing reasons for discounting Alo's testimony, and "the

4

ALJ's reasons for rejecting [Alo's] testimony apply with equal force to the lay testimony," the error was harmless. *See Molina*, 674 F.3d at 1122.

We remand for further proceedings so that the ALJ can reconsider PA Tuttle's opinion and either credit the opinion or provide germane reasons for discounting it, reformulate Crawford's residual functional capacity if necessary, conduct a new Step Five analysis if necessary, and engage in further proceedings consistent with this decision that the ALJ deems appropriate.

**REVERSED AND REMANDED.**