NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHLEEN BASOFF, | No. 19-55112 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-07810-DMG-JEM |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted July 7, 2020**
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Kathleen Basoff appeals the determination of an administrative law judge

("ALJ") that she is not disabled because she does not have a severe impairment or

combination of impairments. A federal district court affirmed the ALJ's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

judgement. We have jurisdiction under 28 U.S.C. § 1291 and will not overturn an ALJ's disability determination unless it "contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). Because the ALJ's decision contained no harmful legal errors and was supported by substantial evidence, we affirm the district court's determination.

1.      Substantial evidence supports the ALJ's finding that Basoff's impairments were not severe. The ALJ reasonably found that Basoff's mental impairments caused only mild limitations, in light of her 2014 MRI showing only mild cerebral atrophy, which a neurologist indicated was "normal aging," and her score of 29/30 on a 2013 mini-mental status examination. Further, Basoff's depression and hypertension symptoms were well-controlled with medication and she had had only minimal subsequent treatment for her chronic kidney disease. The ALJ's determinations were reasonable and he accorded proper weight to the various medical opinions and testimony. It is not our role to second-guess his decision. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

2.      Substantial evidence supports the ALJ's determination that Basoff's treating psychiatrist's opinion was entitled to "little weight." Because Dr. Yacoub's opinion was contradicted by the opinions of several state agency consultative physicians, the ALJ was required to—and did in fact—give "specific and legitimate" reasons for rejecting his opinion. *Trevizo v. Berryhill*, 871 F.3d

2

664, 675 (9th Cir. 2017) (citation omitted).  The ALJ properly considered the short length of the treatment relationship and the lack of specific functional limitations and use of hedge words in Dr. Yacoub's opinion.  The ALJ also properly considered that the opinion was "unsupported by the mild medical findings"—in fact, the only objective medical evidence cited by Dr. Yacoub was a brain MRI that Dr. Yacoub himself described as "normal aging per neurology."  We find that the weight given to Dr. Yacoub's opinion was supported by substantial evidence.

3.     Substantial evidence supports the ALJ's rejection of Basoff's testimony.  The ALJ made "specific findings as to credibility and stat[ed] clear and convincing reasons for each."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).  He specifically noted: the lack of any diagnostic images to support Basoff's claims of back pain and carpal tunnel syndrome; the inconsistency between the medical evidence and her claims of concentration problems, memory loss, and headaches; that contrary to her assertions, her symptoms seemed well-controlled with medication, including the symptoms associated with her kidney disease; and that she had successfully worked during the period in which she suffered from depression and was prescribed Paxil.  These findings were supported by substantial evidence and should not be disturbed.

4.     Substantial evidence supports the ALJ's rejection of Basoff's husband's testimony.  The ALJ gave "germane" reasons for rejecting the

3

husband's testimony, noting that his description of Basoff's condition, "like the claimant's allegations in this case, are simply not consistent with the preponderance of the opinions and observations by medical doctors in this case." *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *see also Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012), *superseded by regulation on other grounds*. The ALJ did err in reasoning that the husband's testimony should also be rejected because he is not medically trained and was not disinterested by virtue of being Basoff's husband. *See Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). But that error was harmless because the ALJ gave other germane reasons for rejecting the testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that error was harmless where ALJ improperly considered that witness was an interested party as claimant's spouse, but ALJ properly rejected witness's testimony for "the same reasons" she discounted claimant's testimony).

**AFFIRMED.**