**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JANET THOMSON,

                Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

                Defendant-Appellee.

No.   21-35152

D.C. No. 1:19-cv-01790-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted February 9, 2022[**]
Portland, Oregon

Before: PAEZ and NGUYEN, Circuit Judges, and TUNHEIM,[***] District Judge.

Janet Thomson ("Thomson") appeals the district court's judgment affirming

the Commissioner of Social Security's denial of her application for disability

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Ford v. Saul*, 950 F.3d 1141, 1153-54 (9th Cir. 2020) (citations omitted). We vacate and remand for further proceedings.

1.      The ALJ erred in rejecting Dr. Whitehead's findings because they were "based on a claimant's self-reported limitations at a one-time event." This does not constitute a "specific and legitimate reason," especially because the ALJ failed to reason with the fact that Dr. Whitehead's opinions were also based on a clinical review of Thomson and a mental health status examination. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (reasoning that "the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness."). "These are objective measures and cannot be discounted as a 'self-report.'" *Id*. Accordingly, the ALJ's rejection of Dr. Whitehead's findings is not supported by substantial evidence.

2.      The ALJ likewise failed to provide clear and convincing reasons for discrediting Thomson's testimony regarding the severity of her symptoms. "Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may reject the claimant's testimony about the severity of her symptoms only by offering specific,

2

clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-493 (9th Cir. 2015) (citation and internal quotation marks omitted).

The ALJ failed to specify what evidence she relied on to discount Thomson's testimony that she could not lift more than 10 pounds, that her acute pancreatitis keeps her in bed for 12-hour periods, or that she can sit for no longer than an hour, among other matters to which Thomson testified. "Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination." *Brown-Hunter*, 806 F.3d at 494. The ALJ therefore committed reversible error on this ground alone. *See id.* (concluding this error was harmful because "we cannot discern the agency's path" without "any reviewable reasons" for the credibility determination).

The ALJ's holding that Thomson's treatment, which has consisted of intrusive surgeries, repeat visits to the emergency room for urgent operations and various prescription medication for her pain, was "conservative" is unsupported by the record. *Cf. Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). Moreover, to the extent the ALJ relied on any alleged improvement in Thomson's treatment, the ALJ failed to square that with Thomson's pre-surgery symptoms which also fall within the alleged onset disability period. *See Smith v. Kijakazi*, 14 F.4th 1108, 1114 (9th

3

Cir. 2021); *see also Garrison v. Colvin*, 759 F.3d 995, 1017-18 (9th Cir. 2014) (explaining that an ALJ's finding of "a course of improvement" must be based on "data points" that "in fact constitute examples of a broader development").

3.      Finally, the ALJ erred in failing to give germane reasons for rejecting the testimony of Thomson's mother, Wanda Willis.  At step four of the sequential analysis, the ALJ discredited Willis's testimony because it was "not consistent with the preponderance of medical and other evidence of record, as well as the opinions and observations by medical and mental specialists in this case."

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citations omitted).  If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons "that are germane to each witness." *Id*.  (citations and internal quotation marks omitted).

The ALJ's general statement that Willis's testimony is inconsistent with the record is not a reason that is germane to Willis.  This was legal error.  The ALJ cannot discredit lay witness testimony simply because it is not "supported by medical evidence in the record." *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017) (citation omitted) (reasoning that the "fact that lay testimony and third-party function reports may offer a different perspective than medical records alone is precisely why such evidence is valuable at a hearing."); *see also Bruce v. Astrue*,

557 F.3d 1113, 1116 (9th Cir. 2009).  The ALJ therefore erred in discounting Wanda Willis's testimony.

The ALJ's errors were not harmless because they were not "inconsequential" to the ultimate disability determination.  *See Stout*, 454 F.3d at 1055.  Had the ALJ properly evaluated Thomson and Willis's testimony and Dr. Whitehead's findings regarding Thomson's mental health impairments, the ALJ might well have found that Thomson is disabled.  We vacate the district court's judgment with directions to remand to the agency for further proceedings consistent with this disposition.

**VACATED AND REMANDED.**