NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBIN LYNN SHORTEN,

             Plaintiff-Appellant,

    v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

             Defendant-Appellee.

No.   19-35359

D.C. No. 3:17-cv-01431-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted May 11, 2022[**]
Pasadena, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and HELLERSTEIN,[***] District Judge.

    Robin Lynn Shorten appeals the district court's affirmance of the

_____

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

    [***]  The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Commissioner of Social Security's denial of her application for disability insurance benefits and supplemental security insurance benefits under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the district court's decision affirming the ALJ's determinations de novo; the Commissioner's decision must be affirmed so long as it is supported by substantial evidence and applied the correct legal standards. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). If the evidence is "susceptible to more than one rational interpretation," we are required to affirm. *Id.* (citation omitted). We affirm.

1. Substantial evidence supports the ALJ's decision to discount Shorten's testimony regarding the severity of her impairments because the ALJ provided "clear and convincing" reasons for doing so. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281, 1284 (9th Cir. 2008)). Shorten applied for benefits based on alleged disability beginning October 15, 2012, due to limitations resulting from depression, anxiety, post-traumatic stress disorder (PTSD), and a heart murmur. The ALJ reasoned that Shorten's ability to attend church, classes, and support groups strongly suggested that her social functioning was less limited than alleged. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (finding claimant's activities of "attending church,

shopping, and taking walks[] undermined her claims that she was incapable of being around people without suffering from debilitating panic attacks").

While a claimant's testimony of symptoms cannot be rejected "on the sole ground that it is not fully corroborated by objective medical evidence," the medical evidence is nonetheless relevant. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ noted that Shorten's symptoms have "waxed and waned" over the period of alleged disability. He conducted a detailed review of the medical record that correlated variations in Shorten's reported symptoms with periods of noncompliance with medication and "transient situational stressors" including disruptions in Shorten's housing situation and the death of her significant other. Shorten's noncompliance with medication is a reasonable basis to discount her credibility because an impairment "that can be controlled effectively with medication [is] not disabling." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).[1]

2. Substantial evidence also supports the ALJ's decision to give "little

---

[1] The ALJ also discounted Shorten's testimony because substance abuse had already affected her ability to work before the alleged onset of her disability. The ALJ's speculation about the relationship between Shorten's drug use and her employment record does not constitute a "clear and convincing" reason to discount her testimony. Any error is harmless because the ALJ provided two other clear and convincing reasons to do so, and the error "does not negate the validity of the ALJ's ultimate conclusion that [Shorten's testimony] was not credible." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

weight" to the opinion of Shorten's mental health counselor, Kristen Rogers, because he offered "specific and legitimate" reasons to place comparatively less weight on that opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Rogers found that Shorten was "markedly" limited in concentration and her daily activities and had "marked" difficulty working on a schedule while in contact with others. However, Rogers' evaluation was controverted by the assessments of two state agency doctors who found that Shorten was able to understand short and simple instructions and could perform simple and routine tasks with casual contact with coworkers. The ALJ found that Rogers's opinion was not supported by Shorten's treatment records and her daily activities.

The ALJ also concluded that Rogers's opinion was heavily based on Shorten's subjective account of her symptoms. An ALJ may reject a treating physician's opinion if it is based to a large extent "on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at 1041.[2]

3. Finally, the ALJ did not err in giving "little weight" to a vocational rehabilitation report, based on Shorten's two-week trial run working at a thrift shop, which concluded that Shorten's frequent anxiety and low productivity made

_____

[2] Shorten also argues that the ALJ erred by noting that Rogers had been seeing Shorten for less than six months and questioning whether a sufficient basis existed for Rogers to form an opinion. If this was error, it was harmless, given the other reasons the ALJ cited for discounting Rogers' opinion. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

her unlikely to succeed in competitive employment. To reject lay witness testimony, an ALJ must provide specific reasons that are "germane" to each witness. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009). The ALJ's longitudinal assessment of Shorten's limitations, and his noting conflicts between the vocational rehabilitation report and the medical evidence, adequately explained why he believed the vocational report should be given little weight. *See Nguyen v. Chater*, 100 F.3d 1462, 1464-65 (9th Cir. 1996).

**AFFIRMED.**