NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMONA J. ROSE, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MICHELLE KING, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant - Appellee. | No. 24-1618 <br><br> D.C. No. 3:23-cv-05172-DWC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted February 12, 2025[**]
Seattle, Washington

Before: W. FLETCHER and NGUYEN, Circuit Judges, and BENNETT, District
Judge.[***]

Ramona J. Rose appeals the district court's decision affirming the Acting

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Commissioner of Social Security's denial of her application for disability benefits and supplemental income. We review the district court's decision de novo and reverse the denial of benefits only if the decision of the Administrative Law Judge (ALJ) "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The evidence must be more than a mere scintilla but may be less than a preponderance." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (cleaned up). "We may not reweigh the evidence or substitute our judgment for that of the ALJ. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. When the evidence can rationally be interpreted in more than one way, the court must uphold the ALJ's decision." *Id.* at 1115–16 (cleaned up). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The ALJ properly considered the relevant medical evidence and its persuasiveness, supportability, and consistency. *See* 20 C.F.R. § 404.1520c(a). The ALJ determined that the opinions of Dr. Sarlak and ARNP Lyons, while supported by objective clinical findings, were "inconsistent with the overall record and the claimant's demonstrated functioning because they reflect[ed] the claimant's condition during a mental health crisis, and not her general

psychological state." As support, the ALJ pointed to the longitudinal medical record replete with signs of marked improvement since her discharge from inpatient care and "treatment and cessation of steroid use." The ALJ also explained that Dr. Sarlak only saw Rose for "eight sessions right after she was discharged from inpatient psychiatric care, and Ms. Lyons examined the claimant only once." *See* C.F.R. § 404.1520c(c)(3) (stating that the length, purpose, and extent of a medical source's relationship with the claimant "may help demonstrate whether the medical source has a longitudinal understanding" and appropriate "level of knowledge" about the claimant's impairments); *Woods v. Kijakazi*, 32 F.4th 785, 792–93 (9th Cir. 2022). The ALJ also did not err in crediting the prior administrative medical findings of Dr. Regets and Dr. Gilbert as persuasive in light of their consistency with the host of normal clinical findings in the record. Accordingly, the ALJ's evaluation of the medical evidence was reasonable and supported by substantial evidence. *See Woods*, 32 F.3d at 792–93.

2. The ALJ did not err at step two of the sequential evaluation process for determining disability. *See* 20 C.F.R. § 404.1520. The ALJ provided several reasons for why Rose's other diagnoses were not severe. For instance, the ALJ explained that the conditions were transitory, well-controlled by medication, or inconsistent with or unsupported by any credible, objective evidence. *See* 20 C.F.R. § 404.1521 ("[A] physical or mental impairment must be established by

objective medical evidence from an acceptable medical source."). Any actual error would have been harmless, too. "Step two is merely a threshold determination meant to screen out weak claims," and it "was decided in [Rose]'s favor" when the ALJ determined that her bipolar disorder was severe. *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017). She therefore "could not possibly have been prejudiced." *Id*. at 1049.

3. The ALJ properly rejected Rose's subjective testimony. An ALJ cannot reject the claimant's testimony without "offering specific, clear, and convincing reasons for doing so." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). "And an ALJ may not 'reject a claimant's subjective complaints based solely on a lack of medical evidence.'" *Smartt*, 53 F.4th at 494–95 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

Contrary to Rose's claims, the ALJ did neither here. Citing treatment notes, the ALJ found that the serious mental health symptoms Rose discussed were induced by steroids, had significantly abated after she stopped taking them, and conflicted with the overall record. The ALJ also pointed to several "largely normal" clinical findings as well as Rose's performance of various activities. "For example, she completes her activities of daily living independently; feeds, bathes, and walks her pet; prepares simple meals; and does household chores. She drives,

walks, shops in stores, and regularly goes to her daughter's house and to church. She spends time with others, usually talking and eating, once or twice a week. She reads, watches television, and does crossword puzzles." In sum, the ALJ provided a variety of "specific, clear, and convincing reasons for" rejecting Rose's testimony. *Smartt*, 53 F.4th at 494.

4. The ALJ's failure to articulate how he considered the lay testimony of Rose's husband and an SSA Interviewer was error. "[L]ay testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence . . . and therefore *cannot* be disregarded without comment." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (quoting *Nguyen v. Charter*, 100 F.3d 1462, 1467 (9th Cir. 1996)); *accord Bruce v. Astrue*, 557 F.3d 1113, 1115–16 (9th Cir. 2009). However, "an ALJ's failure to comment upon lay witness testimony is harmless where the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims." *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (cleaned up). Here, the husband's testimony mirrored Rose's own testimony, which, as discussed above, the ALJ had already properly rejected. Likewise, the SSA Interviewer's testimony conflicted with the longitudinal medical evidence and Rose's daily activities. The ALJ's error was therefore "inconsequential to the ultimate nondisability determination in

5                                                                                                  24-1618

the context of the record as a whole." *Id*. (internal quotations omitted) (collecting cases).[1]

5. Rose's remaining claims—which include challenges to the ALJ's classifications of severity, residual functional capacity determination, and ultimate nondisability finding—are all derivative of her unavailing arguments about the medical and lay evidence discussed above. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174–76 (9th Cir. 2008). And, in any event, substantial evidence undergirds the ALJ's overall conclusions. For instance, the ALJ relied on record evidence of Rose's improvement in symptoms, daily activities, and success with and discharge from therapy. Otherwise put, the ALJ "show[ed] his work" using evidence that "has the power to convince." *Smartt*, 53 F.4th at 496, 499.

**AFFIRMED.**

---

[1] It thus matters not whether—as the parties dispute—our body of law requiring ALJs to comment upon lay testimony is "clearly irreconcilable with the reasoning or theory of intervening higher authority, which in this case is the agency's updated regulations." *See Woods*, 32 F.4th at 790; 20 C.F.R. §§ 404.1520c(d), 416.920c(d))). Nonetheless, we note that unless and until those precedents are "overruled by the court itself sitting en banc," *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001), or otherwise abrogated, "[o]ur precedent controls," *Woods*, 32 F.4th at 790.