NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HEATHER N. CAVIN,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-4179

D.C. No.
3:23-cv-06030-BAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted July 7, 2025[**]
Seattle, Washington

Before: HAWKINS, BEA, and BENNETT, Circuit Judges.

Plaintiff Heather N. Cavin appeals the district court's judgment affirming the

Social Security Commissioner's denial of her applications for supplemental income

benefits and disability insurance benefits under Title VXI and Title II, respectively,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

of the Social Security Act. Plaintiff is a forty-seven-year-old woman who, prior to her application for benefits, worked as a construction worker, performing tasks such as fetching supplies, caulking, and working with sheet rock. The administrative law judge ("ALJ") found that Plaintiff was not disabled, and thus ineligible for benefits under the Act. The district court affirmed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the decision of the district court de novo. *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021). We reverse the ALJ's decision only when it is "not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Id*. at 1115 (quotation marks and citation omitted). "Substantial evidence" is "more than a mere scintilla," and "means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up). "The ALJ is responsible for studying the record and resolving any conflicts or ambiguities in it." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quotation marks and citation omitted). "[W]e apply harmless error analysis to social security cases." *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015).

1. Substantial evidence supports the ALJ's evaluation of the medical

evidence. "'The most important factors' that the agency considers when evaluating the persuasiveness of medical opinions are 'supportability' and 'consistency.'" *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(a)). "Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence,'" and "[c]onsistency means the extent to which a medical opinion is 'consistent with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. at 791-92 (cleaned up) (citations omitted).

The ALJ did not err in evaluating the medical opinion of Lisa Clayton, Ph.D. The ALJ found Dr. Clayton's opinion "partially persuasive" because it was "not well explained" in its conclusion that Plaintiff would face difficulties in the workplace without providing the specific limitations Plaintiff would face. The ALJ found that while the medical evidence supported a finding of "some degree of limitation," other record evidence reflecting Plaintiff's activities, such as "attending AA meetings, socializing more, and making phone calls without much anxiety," did not support such a "marked or complete limitation." Plaintiff does not identify any specific errors in the ALJ's analysis. Because a reasonable mind could accept the ALJ's interpretation of the record evidence, substantial evidence supports the ALJ's evaluation of Dr. Clayton's opinion.

The ALJ did not err in evaluating the opinions of examining psychologists

Terilee Wingate, Ph.D., William Wilkinson, Ed.D., and Holly Petaja, Ph.D., which found several marked areas of impairment. The ALJ found these opinions only "partially persuasive." The ALJ found that the record was consistent with moderate impairment, but that the "marked levels of limitation" were inconsistent with the clinical findings, the "generally conservative level of mental health treatment with medication and outpatient therapy," and Plaintiff's "discontinuance of therapy" after she "[met] all of her goals." The ALJ properly considered these doctors' lack of a treatment relationship with Plaintiff and did not "reject" their opinions on that basis. *See* 20 C.F.R. § 404.1520c(c)(3). While Plaintiff contends that there is "no evidence" that the opinions draw heavily on Plaintiff's self-reports, the record evidence supports that conclusion. Plaintiff's bare assertion that the "opinions of marked limitations are consistent with the abnormal findings in the record" does not demonstrate harmful error, and substantial evidence supports the ALJ's evaluation of the examining psychologists.

The ALJ did not err in its evaluation of the opinion of Daryl McInnis, Plaintiff's mental health therapist. The ALJ found "not persuasive" Mr. McInnis's conclusion that Plaintiff needed to rest "a cumulative amount of four hours of a workday" and would exhibit "poor performance of basic work activities," among other limitations. The ALJ so found because Mr. McInnis relied on Plaintiff's self-reports to form the opinion and "the extreme level of limitation in this opinion" was

4                                                                                    24-4179

"not consistent with the conservative level of treatment with medication and outpatient therapy" and Plaintiff's other unremarkable mental status findings of record. While Plaintiff asserts that Mr. McInnis's opinion "is consistent with [Plaintiff's] abnormal findings," this conclusory assertion is insufficient to demonstrate a finding of harmful error in the ALJ's conclusion, and substantial evidence supports the ALJ's evaluation Mr. McInnis's opinion.

The ALJ did not err in evaluating the opinion of Guito Wingfield, M.D., who performed a consultative physical examination. The ALJ found Dr. Wingfield's opinion "generally persuasive," but "added additional and more comprehensive limitations" than recommended by Dr. Wingfield. Plaintiff again fails to explain how substantial evidence "does not support the ALJ's assertion that Dr. Wingfield's opinion was 'generally persuasive.'"

Similarly, Plaintiff's bare assertion that the record medical evidence contradicts the ALJ's opinion does not require a finding of harmful error. Nor does Plaintiff's argument that the opinions of State agency examiners Howard Platter, M.D., Jon Anderson, Ph.D., and Dan Donahue, Ph.D. were "inconsistent with the findings and opinions of Dr. Wingate, Dr. Petaja, Dr. Wilkinson, Dr. Clayton, and Mr. McInnis" require a finding that the ALJ erred. "The ALJ is responsible for studying the record and resolving any conflicts or ambiguities in it," *Diedrich*, 874 F.3d at 638, and "[w]e may not reweigh the evidence or substitute our judgment for

that of the ALJ," *Ahearn*, 988 F.3d. at 1115. Substantial evidence supports the ALJ's evaluation of the medical evidence.

2. The ALJ did not err in discounting Plaintiff's subjective symptom testimony. "When objective medical evidence is inconsistent with a claimant's subjective testimony, an ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so." *Smartt*, 53 F.4that 494 (9th Cir. 2022) (quotation marks and citation omitted). Here, the ALJ "partially accepted" Plaintiff's testimony. The ALJ discounted Plaintiff's testimony regarding the severity of her symptoms in part because Plaintiff "reported she faked a seizure because she was distressed over going to jail," which the ALJ found was evidence that Plaintiff "may not be entirely reliable in relation to her symptomatology." The ALJ also found that Plaintiff testified to performing activities that were inconsistent with her claimed symptoms. Additionally, other clinical findings were inconsistent with the reports of her symptoms. The ALJ's proffered reasons for discounting Plaintiff's testimony were properly specific, clear, and convincing. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Smartt*, 53 F.4th at 498. The ALJ provided sufficiently clear and convincing reasons for discounting Plaintiff's testimony.

3. The ALJ did not improperly discount the lay evidence. "If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons 'that are

germane to each witness.'" *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citation omitted). Here, the ALJ "partially accepted" the written statements of Plaintiff's boyfriend and step-mother because the "level of limitation being alleged [was] not fully consistent with the objective evidence." "Inconsistency with medical evidence" is a "germane reason[] for discrediting the testimony of lay witnesses." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Additionally, the ALJ observed that the lay witness testimony alleged limitations that were similar to those described in Plaintiff's own testimony, which testimony the ALJ found was inconsistent with the medical evidence. The ALJ provided sufficiently clear and specific reasons for discounting the lay witness testimony of Plaintiff's boyfriend and step-mother.

The ALJ did not commit harmful error when it omitted from its analysis the evaluating statements of Social Security interviewers Cindy Harbaugh and S. Johnson. An ALJ must explain his decision to reject "significant probative evidence." *Vincent ex rel Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam). Here, the omitted evidence was neither significant nor probative, as the evidence was based on only brief interactions with the Plaintiff and the opinions did not add any limitations that were not already considered by the ALJ. The ALJ therefore did not improperly discount the lay evidence in this case.

4. Substantial evidence supports the ALJ's determination of Plaintiff's

24-4179

Residual Functional Capacity ("RFC") and her ability to perform jobs that exist in significant numbers in the national economy, including the occupations of marker, garment bagger, and electrical accessory assembler ("Step Five finding"). Plaintiff's only challenge to the ALJ's RFC determination is that "it does not include all of the limitations described by Dr. Wingate, Dr. Petaja, Dr. Wilkinson, Dr. Clayton, and Mr. McInnis, as well as the limitations described by [Plaintiff] and the lay witnesses." But substantial evidence supports the ALJ's evaluation of the medical evidence and witness testimony, as discussed above, so the ALJ did not err in excluding those limitations in the RFC analysis. Additionally, Plaintiff's only argument that the ALJ erred in the Step Five finding is that the ALJ "did not include all of [Plaintiff]'s limitations" when determining the availability of jobs in the national economy that Plaintiff could perform. Plaintiff did not identify the limitations that the ALJ did not consider, however, and to the extent Plaintiff relies on a different interpretation of the medical evidence to support additional limitations beyond those found by the ALJ, that challenge fails because substantial evidence supports the ALJ's evaluation of the medical evidence and witness testimony. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (rejecting a challenge to an ALJ's Step Five analysis when Plaintiff "simply restate[d] her argument" that the ALJ "did not account for all her limitations."). The ALJ therefore did not err in the RFC or Step Five analysis.

**AFFIRMED.**